IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

QUITMAN CARTER, 31889-044,

    Petitioner,

vs.

JAMES CROSS,

    Respondent.                     Case No. 12-cv-1043-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    This case is before the Court on petitioner's writ of habeas corpus, filed on September 28, 2012. Petitioner, an inmate in the Federal Correctional Institution in Greenville, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the sentence imposed after his 2006 conviction in the Eastern District of Missouri. Petitioner pled guilty to the felony possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (2006). Three prior offenses (assault with intent to kill, second degree burglary, and involuntary manslaughter) caused petitioner to be sentenced as an armed career criminal pursuant to 18 U.S.C. § 924(e)(1) (2006). Petitioner was then sentenced to 180 months in prison based on this status. He did not appeal that sentence.

    To date, petitioner has filed three unsuccessful § 2255 motions challenging his sentence in the Eastern District of Missouri (Case Nos. 07-cv-49, 08-cv-92, and 10-cv-26). The first motion was dismissed as time-barred. The

second was also held to be time-barred and lacking proper pre-filing authorization from the appellate court. The third of these motions was transferred to the Eighth Circuit Court of Appeals for a determination as to whether to grant certification to file a successive § 2255 motion. Certification was denied on July 28, 2010 (8th Cir. Appeal No. 10-2137).

Petitioner then filed two § 2241 petitions in this Court (Case Nos. 10-cv-639 and 11-cv-832). Both were dismissed with prejudice. He also filed three additional petitions with the Eighth Circuit, each seeking authorization to file a successive § 2255 habeas action in the district court (8th Cir. Appeal Nos. 10-3566, 11-3694, and 12-1644). Each of these requests was denied, the most recent one on July 3, 2012.

In his first § 2241 petition (Case No. 10-cv-639), brought in this Court on August 20, 2010, petitioner argued that, based on *Begay v. United States*, 533 U.S. 137 (2008), his previous conviction for involuntary manslaughter should no longer be considered a violent felony for sentencing purposes.[1] Petitioner did not claim that he was innocent of the crime, but instead attacked his enhanced sentence based on that prior conviction. Where a petitioner is attacking a sentence, instead of claiming innocence of a crime, the proper motion is a § 2255 motion, according to *In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998).

---

[1] Petitioner attaches an excerpt from the government's response to one of his petitions for authorization to file a successive § 2255 motion, which notes that the government conceded that the involuntary manslaughter conviction no longer qualified as a violent felony after the *Begay* decision (Doc. 1, p. 17). However, petitioner still had three other violent felony convictions to support his armed career criminal enhanced sentence: attempted murder, assault with intent to kill, and second degree burglary.

This Court thus dismissed petitioner's *Begay* argument as brought in the § 2241 petition with prejudice on February 2, 2011, stating that it should have been raised in a § 2255 motion, and that § 2255 does not become inadequate or ineffective simply because a petitioner has not been certified to bring a successive § 2255 motion. *Davenport*, 147 F.3d at 609-10. Petitioner appealed this decision to the Seventh Circuit, which on August 9, 2011, affirmed this Court's judgment of dismissal (Appeal No. 11-2110).

Petitioner filed his second § 2241 petition (Case No. 11-cv-832) in this Court on September 13, 2011. In it, he again argued that under *Begay*, he should not have been sentenced as an armed career criminal. He also raised a new argument that the enhanced sentence was in error because his civil rights had been restored after he completed the sentences on some of his prior crimes. Again, petitioner did not argue that he was innocent of those crimes that were used to enhance his 2006 sentence. This Court found that the *Begay* claim could not be revisited, because it remained dismissed with prejudice. Further, petitioner's new argument that the sentencing court should not have considered the convictions for which his civil rights had been restored, was yet another attack on petitioner's sentence that belonged in a § 2255 proceeding. That § 2241 petition was dismissed with prejudice on November 18, 2011.

Petitioner's most recent two requests to the Eighth Circuit for authorization to file a successive § 2255 motion raised the same issues he now presents in the instant § 2241 petition. Specifically, he argued there (and here)

that his civil rights had been restored on both his November 1983 Illinois conviction for attempted murder, and his May 1982 Missouri conviction for second degree burglary of a commercial building (Doc. 1, pp. 6-7). In addition, he argues that the second degree burglary conviction does not qualify as a violent felony under *Begay* (Doc. 1, pp. 7, 23). The Eighth Circuit refused to authorize petitioner to file a successive § 2255 motion to raise these arguments, in Appeal Nos. 10-3566, 11-3694, and 12-1644.

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed.

The current petition is subject to dismissal based on the fact that it re-asserts grounds which were previously dismissed with prejudice in Case No. 11-cv-832. In addition, the Seventh Circuit recently reiterated the rule that a § 2241 petition can only be used to attack a conviction or sentence when the § 2255 remedy "is inadequate or ineffective to test the legality of [the prisoner's] detention." *Hill v. Werlinger*, __ F.3d __ ,2012 WL 3573364, *3 (7th Cir., Aug. 21, 2012) (internal citations omitted); 28 U.S.C. § 2255(e). "'Inadequate or ineffective'

means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'" *Id.* (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998)). The argument that prior convictions on which petitioner's civil rights had been restored should not have been used to enhance his sentence could have been raised in the original § 2255 motion. *See Dahler v. United States*, 259 F.3d 763 (7th Cir. 2001) (prisoner obtained reversal of sentence based on restoration of civil rights on a prior conviction, but could not bring successive § 2255 motion raising alternative challenge to his sentencing enhancement where that challenge could have been raised in earlier proceeding). Therefore, petitioner cannot use § 2241 as a vehicle for bringing his civil rights restoration claim.

To summarize, petitioner has not demonstrated that § 2255 is an inadequate remedy for his current claims, and consistent with *In re Davenport*, Petitioner cannot raise these claims through a § 2241 petition. *Davenport*, 147 F.3d 605 (7th Cir. 1998). Accordingly, the petition is summarily **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

Signed this 19th day of October, 2012.

Digitally signed by David R. Herndon
Date: 2012.10.19 11:56:11 -05'00'

**Chief Judge**
**United States District Court**